Francisco Gonzalez
Federal Correctional Complex
Registration Number, 71432-097
Post Office Box, 3725
Adelanto, California 92301

United States District Court
For the Eastern District of California
Clerk of the Court
501 I Street, Suite 4-200
Sacramento, California 95814-2322



FILED
APR 29 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francisco Gonzalez,<br>Petitioner,<br><br>v.<br><br>United States of America,<br>Respondent. | Case No., 2:14CR00098-1<br><br>PETITIONER'S MOTION SEEKING MODIFICATION/REDUCTION OF SENTENCE PURSUANT TO RETROACTIVE AMENDMENT 782 AND PURSUANT TITLE 18 U.S.C. §3582(c)(2) |

Comes Now, Francisco Gonzalez, the pro se, indigent and incarcerated Petitioner, (hereinafter, Petitioner), without the benefit of Counsel, and hereby brings his Motion Seeking Modification/Reduction of Sentence Pursuant to Retroactive Amendment 782, and Pursuant to Title 18 U.S.C. §3582(c)(2).

Petitioner claims that he is entitled to Retroactive Amendment 782 relief. His eligibility stems from the 2-level decrease of the United States Sentencing Guidelines §2D1.1 and United States Sentencing Guideline §1B1.10.

Petitioner attaches a Memorandum of Points and Authorities

to support his claim for relief herein.

Petitioner prays that this Honorable Court deem this Motion appropriate and ripe for review. Further Petitioner requests the Court's guidance. See <u>Haines v. Kerner,</u> 404 U.S. 519 (1972).

This Motion is filed in good faith and Petitioner claims Retroactive Amendment 782 eligibility.

Respectfully Submitted this 26 day of April 2016

*Francisco Gonzalez*
Francisco Gonzalez
Federal Correctional Complex
Registration Number, 71432-097
Post Office Box, 3725
Adelanto, California 92301

///
//
/

-2-

## Subject Matter and Jurisdiction

The Petitioner seeks exclusive jurisdiction pursuant to Title 18 U.S.C. §3582(c)(2). He also relies on Title 18 U.S.C. §3553(a), because upon resentencing this Court will need to consider the approporiate sentencing factors.

## Discussion and Retroactive Application

Pursuant to Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, thereby lowering the sentencing range for certain drug-related offenses. See U.S.S.G. App.C. (Supp) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. §1B1.10(d)(listing sentencing amendments eligible for retroactive relief)).

Petitioner Gonzalez, moves to be resentenced pursuant to 18 U.S.C. §3582(c)(2), which provides that a term of imprisonment may be reduced "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...

-3-

after considering the factors set forth in 18 U.S.C. §3553(a) to the estent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

Petitioner Gonzalez, upon consideration of this Motion and the surrounding circumstances claims, that this Court should take into consideration the totality of the circumstances when moving for an order of resentencing.

## I. Petitioner's Facts and Sentencing Factors

Petitioner Gonzalez, is currently incarcerated at the Federal Correctional Complex, in Adelanto, California. He is currently serving a sentence of 81 months imposed by this Honorable Court on October 28, 2014.

Petitioner's sentence imposed was for violation of Title 21 U.S.C. §841(a)(a)(Possession with Intent to Distribute Methamphetamine). He was convicted of the controlled substance statute and upon such this Court used the United States Sentencing Guidelines to determine the offense level and sentence to be imposed. (U.S.S.G. §2D1.1). See Petitioner's plea agreement.

Petitioner now brings forth this Motion and seeks that this Court inquire into the Petitioner's prison record and his ongoing

-4-

programing when adopting the §3553(a) factors i.e., Sentencing Factors.

This Motion is submitted in good faith and Petitioner prays that this Honorable Court deem it to be appropriate and ripe for review.

## MEMORANDUM OF POINTS AND AUTHORITIES

### II. Law and Argument Supporting Petitioner Request for Relief

Petitioner comes before this Court on a Motion seeking a two-level downward variance/departure pursuant to Title 18 U.S.C. §3582(c)(2), which is supported by the November 1, 2014, Retroactive Amendment i.e., Amendment 782.

The Supreme Court has established a two step analysis/inquiry to guide the district court in its consideration of a §3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original)(quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, of a defendant is eligible for resentencing, the court must then consider any applicable §3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the parcicular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

As discussed above. The Petitioner entered into a plea of guilt pursuant to Fed.R.Crim.Proc., Rule 11---. In the plea agreement the government has incorporated i.e., stipulated, that no objections would be made in the event that the Petitioner would move for downward variance. <u>id.</u>, at <u>plea agreement page 7.</u>

The government reveals that the Petitioner is free to move for any variance or downward departure pursuant to Title 18 U.S.C. §3582(c)(2), as to wit:

> The government will not oppose such downward variance request other than: (1) to the extent the government disagrees as to its correct calculation, and (2) provided that the defendant agrees that if the Court grants the requested variance he will not seek a further reduction in his guideline range or sentence based on the proposed amendment in any manner, including but not limited to, in a motion pursuant to 18 U.S.C. §3582(c)(2) or 28 U.S.C. §2255 or 2241, an administrative petition, or any action or filing. <u>id.</u> at <u>page 7 of plea agreement</u>.

Hence, the government further states as a matter of stipulation that the U.S. Sentencing Commission has a proposal that would reduce the Base Offense Level under Sentencing Guideline §2D1.1 by two levels for most drug cases. If not voted by Congress, it will be effective on or about November 1, 2014. The Sentencing Commission may, or may not, make the proposal retroactive to cases sentenced before that date. The government and defendant agree that if sentencing in this case occurs prior to November 1, 2014, and Congress has not rejected the proposed amendment before sentencing: "In addition to any other agruments or requests the defendant is

-6-

permitted to make under the terms of this plea agreement, the defendant is free to request a downward variance equivalant to the reduction in final guidelne range he would receive were the proposed amendment effective on the date of sentencing[]. Id., at Plea Agreement page 7.

As Petitioner Gonzalez has outlined. He came into a stipulated plea with the government. In Freeman, the Supreme Court held that a defendant is eligible for sentence reduction under 18 U.S.C. §3582(c)(2) of plea agreement expressly used Federal Sentencing Guidelines range that was subsequently lowered. See Freeman v. United States, 564 US ---, 180 L.Ed.2d 519 (2011).

Also, in United States v. Cardosa, 606 F.3d 16 (1st Cir. 2010); the Court decided: "the discretion to reduce a sentence pursuant to §3582(c)(2) the operative phase is "based on." "If the defendant was originally sentenced based on a latter reduced guideline range, then the court has discretion to apply the reduction.

Here, dispite the variance the court agreed upon with Petitioner, it is evident that the Court lattered based on the Guideline.

Wherefore, Petitioner Gonzalez, claims to be eligible for relief pursuant to Retroactive Amendment 782. He has based the request for relief on the above facts and authorities. He claims that he is subject to a two-level decrease from the the starting point of his sentence of which is 81 months.

///
//
/

III. Conclusion

Petitioner Gonzalez, seeks that this Motion is entertained in the lesser stringent standards then Motion drafted by attorney's. Haines v. Kerner, 404 U.S. 519 (1972).

Petitioner prays that this Honorable Court issue an order granting a two-level decrease based on the above herein presented. He seeks that he is resentenced and is reduced two-levels from the sentence he currently served of 81 months.

Should this Court consider the decrease is not warrant pursuant to downward departure he then seeks decrease based on variance. (18 U.S.C. §3582(c)(2)).

Petitioner presents this Motion in good faith and prays relief is granted.

Respectfully Submitted this 26 day of April 2016

*Francisco Gonzalez*
Francisco Gonzalez
Federal Correctional Complex
Registration Number, 71432-097
Post Office Box, 3725
Adelanto, California  92301

///
//
/